UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  4:11-CR-07-01-SEB-MGN |
| | ) | |
| JOHN DAVID VAN WINKLE | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGES REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on May 23, 2011, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on May 3, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g).  An initial hearing was held on December 2, 2011, and disposition proceedings were held on December 6, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583.   Mr. Van Winkle appeared in person and with CJA Counsel, William Yesowitch.   The Government appeared by Zachary Myers, Assistant United States Attorney.   U. S. Probation represented by Brian Bowers.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C.  §3583:

1. On December 2, 2011, William Yesowitch, CJA Counsel, was present to represent Mr. Van Winkle in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Van Winkle and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Van Winkle and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Van Winkle was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Van Winkle was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Van Winkle was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Van Winkle was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Van Winkle had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Van Winkle, by counsel, requested a preliminary hearing and a preliminary hearing and detention hearing was set for December 6, 2011.

8. On December 6, 2011, the Court was advised that a Preliminary Hearing would not be necessary in that an agreement had been reached between the parties.

The parties then stipulated the following in open Court:

(a) As to Violation Number 1 of the Petition for Violation of the Terms of Supervised Release filed on May 3, 2011, the defendant admitted in open Court that he had violated this condition.

(b) The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve ten (10) months of imprisonment with a sixty (60) days of supervised release to follow.

9. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Number 1 contained in the Petition. The Court then inquired of the defendant as to whether he admitted to the specifications alleged in the Petition, and Mr. Van Winkle admitted Violation Number 1 contained in the Petition. The Court specifically inquired of Mr. Van Winkle whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Van Winkle that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Van Winkle answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Number 1. The violations as submitted in the Petition are summarized as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| **2** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| | In accordance with the conditions of supervised release, John Van Winkle must submit any requested financial information to the probation officer. On November 2, 2010, U.S. Probation Officer Todd Schaefer contacted John Van Winkle at his home to inquire about the source of income reported on his monthly written report. USPO Schaefer was suspicious about the source of a |

$4,983 check written to Van Winkle from a business in Houston, Texas, and requested Van Winkle produce a copy.

The check and story provided by Van Winkle led USPO Schaefer to believe the offender was involved in a known check scam. USPO Schaefer directed Van Winkle to call his bank (Dearborn Savings, Lawrenceburg, Indiana) and inform them the check may be fraudulent. USPO Schaefer also directed Van Winkle not to withdraw, spend, or forward any of the money.

On December 23, 2010, USPO Schaefer contacted John Van Winkle via telephone to inquire about the questionable check. Initially, Van Winkle stated, "I gave the money back to Chase Bank." When USPO Schaefer asked for further clarification, Van Winkle was unable to provide specifics about why he withdrew the money he was directed not to spend, or to whom he returned it. Van Winkle ultimately confessed to USPO Schaefer when the check cleared, he withdrew the money from Dearborn Savings and was "living off it." He further advised he was aware the check did not belong to him, and someone, either a customer, Chase Bank, or Dearborn Savings was ultimately the victim of a $4,983 scam. Van Winkle advised he had already spent nearly all of the money.

USPO Schaefer then contacted Special Agent Wade Gault, United States Secret Service, for assistance. Additionally, USPO Schaefer spoke with JP Morgan Chase Global Securities, who confirmed they are the victim of John D. Van Winkle's actions. The check Van Winkle signed, deposited in his account at Dearborn Savings Bank, then withdrew and admittedly spent, was fraudulent. Chase Global Security is seeking restitution.

It is noted that fraud on a financial institution is a Class C felony in the state of Indiana, pursuant to IC 35-43-5-8.

10. Based on the information available to the Court, the Court further finds the following:

1)  Mr. Van Winkle has a relevant criminal history category of I. *See,* U.S.S.G. §7B1.4(a).

2)  The most serious grade of violation committed by Mr. Van Winkle constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3)  Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Van Winkle is 4-10 months.

4)  The appropriate disposition for Mr. Van Winkle's violation of the condition of supervised release is as follows:

   (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months.

(b) Following the ten-month term of imprisonment, the defendant shall be placed on supervised release for a period of sixty (60) days.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Number 1 of the Petition. Violation Number 2 is dismissed. The defendant's supervised release is hereby **REVOKED,** and Mr. Van Winkle shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months. Following the ten-month term of imprisonment, the defendant shall be placed on supervised release for a period of sixty (60) days. The Court recommends that the defendant be incarcerated in Terre Haute, Indiana, or as close to New Albany, Indiana, as possible.

Counsel for the parties and Mr. Van Winkle stipulate that they waive any objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Van Winkle entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the

above Report and Recommendation revoking Mr. Van Winkle's supervised release.

**IT IS SO RECOMMENDED** this __8th__ day of December, 2011.

_____  
Michael G. Naville, Magistrate Judge  
United States District Court

Distribution:

Zachary A. Myers
Zachary.myers@usdoj.gov

William Yesowitch
yesowitch@bbalaw.com

U.S. Marshal

U.S. Probation Office